Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3778 | DATE | NOV. 28, 2001 |
| CASE TITLE | CARL STOKES v. KUL SOOD, SHERRY CRONIN, and MONICA BECKER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss the claim stated in the complaint [9] is denied. Defendants' claim that they are entitled to qualified immunity is denied without prejudice to being raised on summary judgment after discovery has been completed. By December 12, 2001, defendants Sherry Cronin and Monica Becker shall answer the complaint. All discovery is to be completed by March 15, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 5 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 29 2001 date docketed | |
| | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV. 28, 2001 date mailed notice | |
| cw | courtroom deputy's initials | 01 NOV 28 PM 5:12 | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL STOKES, )
 )
        Plaintiff, )
 )
v. ) No. 01 C 3778
 )
KUL SOOD, SHERRY CRONIN, and )
MONICA BECKER, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Carl Stokes is incarcerated at the Joliet Correctional Center ("Joliet"). Plaintiff claims that defendants were deliberately indifferent to his serious medical needs, a bowel problem that was determined to be a gangrenous and infarcted small bowel. Named as defendants are Kul Sood, the physician treating plaintiff at Joliet; Sherry Cronin, the Illinois Department of Corrections Regional Health Care Administrator; and Monica Becker, Joliet's Health Care Administrator. Cronin and Becker have moved to dismiss the claims against them, contending the facts alleged do not support that they were deliberately indifferent to plaintiff's medical needs.

Plaintiff filed a pro se complaint in this action. After Cronin moved to dismiss the complaint and Becker was granted leave to join in that motion, counsel was appointed to represent plaintiff. Counsel prepared plaintiff's answer to the motion to dismiss, but did not amend the pro se complaint.[1] Plaintiff contends the pending pro se complaint is still entitled to the liberal construction ordinarily accorded pro se documents. See Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992). However, plaintiff is now represented by counsel who could draft an amended complaint or provide additional consistent allegations or clarifications in the answer to the motion to dismiss. See Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir. 1994). Therefore the pending pro se complaint is probably not entitled to the usual liberal construction accorded pro se documents. See United States ex rel. Devin v. Godinez, 1996 WL 148038 *1 (N.D. Ill. March 29, 1996), aff'd sub nom., Devin v. DeTella, 101 F.3d 1206 (7th Cir.

---

[1] In the answer it is argued that the pro se complaint should not be dismissed. Alternatively, it is requested that additional time be granted to file a counsel-drafted amended complaint. In court, counsel has represented that he may move to amend the complaint after he has conducted adequate factual discovery.

1996), cert. denied, 520 U.S. 1160 (1997).² However, the appropriate standard need not be determined because the merits of the pending motion to dismiss do not turn on whether the complaint is given a liberal construction.

On a Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000); Swofford, 969 F.2d at 549. A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). A plaintiff in a suit

---

²In Simpson v. Rowan, 73 F.3d 134, 137 (7th Cir. 1995), cert. denied, 519 U.S. 833 (1996), the Seventh Circuit stated: "we liberally construe Simpson's pro se complaint, which he filed before counsel was appointed." Although not expressly stated in the appellate opinion, an examination of the district court docket reveals that Simpson was unrepresented throughout the initial district court proceedings. Counsel did not begin his representation until the case was on appeal. See Simpson v. Rowan, No. 93 C 534, Docket Entry 47 (N.D. Ill. Dec. 13, 1994). Simpson, therefore, is distinguishable from the present situation where counsel has been appointed in the district court and is available to draft amended pleadings.

in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). It is also true, however, that a plaintiff can plead himself or herself out of court by alleging facts showing there is no viable claim. Jackson, 66 F.3d at 153-54; Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Further, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth, 199 F.3d at 368; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir.1997); Albiero, 122 F.3d at 419; Travel All Over the World, 73 F.3d at 1428; Highsmith, 18 F.3d at 439-40; Hrubec v. National Railroad Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992).

Here, plaintiff provides detailed allegations as to his medical problem, including attaching the November 1, 1999 report of the surgeon that operated on him. Taking plaintiff's allegations as true and drawing all reasonable inferences in his favor, the facts assumed to be true for purposes of the motion to dismiss are as follows. In 1987, plaintiff was shot in the abdomen. Plaintiff has been at Joliet since 1993. On October 30, 1999, plaintiff had pain in his abdomen, irregular bowel movements, and was regurgitating bile and stomach fluids. The morning of October 31, plaintiff passed out on his way to the Health Care Unit and had to be taken there in on a wheelchair. Dr. Sood saw plaintiff at 8:00 a.m., told plaintiff the symptoms were in his head, and then placed plaintiff in the Psychiatric Ward. At noon, Dr. Sood again saw plaintiff and gave him a liquid meal, which plaintiff vomited. That afternoon, Dr. Sood attempted to give plaintiff a solution for dehydration, but could not find a vein in which to insert the intravenous needle. As of 8:30 p.m., plaintiff's abdomen was distended six to eight inches. Sometime before midnight, plaintiff was taken to the St. Joseph Medical Center emergency room.

At the emergency room, it was observed that plaintiff was extremely dehydrated and that he had a bowel obstruction. Plaintiff's white blood count was 10,000 and there was initially

no evidence of peritonitis.³ Plaintiff's abdomen was extremely distended. Initially, conservative treatment of nasogastric suctioning and intravenous fluid hydration was attempted. Early in the morning on November 1, Dr. R.K. Natesh observed peritonitis and determined an exploratory laparotomy should be performed. It was discovered that 95% of plaintiff's small bowel was gangrenous, black, and nonviable and therefore was removed. Although plaintiff was in critical condition at the time of the surgery, the surgery was successful and plaintiff tolerated it well. As of the day of surgery, Dr. Natesh reported that plaintiff would "probably" need hyperalimentation (intravenous feeding) for the rest of his life.⁴ It was also possible that the bowel would later hypertrophy.⁵

Dr. Sood had treated plaintiff since 1994. Dr. Sood was aware of plaintiff's earlier gunshot wound. On a number of occasions prior to October 1999, plaintiff had informed Dr. Sood about irregular bowel movements, gas, and chronic and

---

³Peritonitis is an inflammation of the membrane lining the abdomen.

⁴There is no express allegation that plaintiff presently needs hyperalimentation. Grievance papers attached to the complaint include a counselor's response dated March 16, 2000 which states plaintiff was then "being weaned off his hyperalimentation."

⁵Hypertrophy is overgrowth of an organ due to the increase in size of its constituent cells.

excruciating abdominal pain. The only examination Dr. Sood ever performed related to these complaints was light taps on plaintiff's abdomen. Dr. Sood did not refer plaintiff to a specialist, order an X-ray, nor perform any internal examination, either digitally or with an instrument. Dr. Sood prescribed Tagament, Dulcolax, Colace, and Maalox.

In December 1998, plaintiff wrote to Cronin complaining that Dr. Sood was not adequately treating plaintiff's abdominal pain. In January 1999, plaintiff raised the same complaint in a letter to Becker. They were both informed that plaintiff had been suffering from chronic and excruciating abdominal pains for years, such that it affected plaintiff's daily activity. Both were aware that the medication prescribed by Dr. Sood "did not alleviate plaintiff's pain and was so cursory as to amount to no care at all." In July 1999, Cronin and Becker held a meeting with plaintiff to discuss his abdominal pain. Cronin recommended that plaintiff drink warm water and Becker added that such treatment was known to soften stool. Neither administrator referred plaintiff to a specialist nor did they order any diagnostic tests or arrange for an examination by a physician other than Dr. Sood.

To state an Eighth Amendment claim based on medical treatment, a prisoner must allege that "(1) he had a serious medical need, and (2) the defendants were deliberately

indifferent to it." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000) (quoting Gutierrez, 111 F.3d at 1373)). There is no dispute that plaintiff has alleged a serious medical need. The dispute is whether plaintiff has adequately alleged deliberate indifference on the part of Cronin and Becker.

"Deliberate indifference entails more than 'mere negligence', and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment." Wynn, 251 F.3d at 593 (quoting Farmer v. Brennan, 511 U.S. 825, 826 (1994)). When the defendants are not themselves physicians or other trained medical practitioners, deference to the advice or treatment of a physician generally will not constitute deliberate indifference. See Hollek v. Romines, 1996 WL 532133 *3 (N.D. Cal. Sept. 12, 1996); Gallagher v. Finney, 1994 WL 725297 *2 (D. Kan. Dec. 14, 1994); Ross v. Kelly, 784 F. Supp. 35, 46 (W.D.N.Y.), aff'd by unpublished order, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992); McEachern v.

Civiletti, 502 F. Supp. 532, 534 (N.D. Ill. 1980). Compare Zentmyer, 220 F.3d at 812 (nonmedical personnel's failure to follow nurse's or doctor's directions can constitute deliberate indifference). Here, plaintiff expressly alleges that Cronin and Becker were deliberately indifferent to his medical needs, but that need not be accepted if the facts alleged are inconsistent with that conclusory allegation. See Wynn, 251 F.3d at 593-94; Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.), cert. denied, 525 U.S. 973 (1998). For the case to be dismissed, there must be no set of facts consistent with the complaint that would entitle plaintiff to relief; the facts alleged must rule out the possibility of defendants being deliberately indifferent. Wynn, 251 F.3d at 593-94. Even if it is more likely that defendants were negligent or less, the possibility of being deliberately indifferent would preclude dismissal on a Rule 12(b)(6) motion. Id.; Nance, 147 F.3d at 590.

Cronin and Becker are not physicians, but they are medical administrators. It is reasonable to infer that they are more familiar with medical conditions and treatment than the average nonphysician. Also, it can be inferred that they have substantial knowledge regarding health administration and providing medical services to patients, particularly prisoners. It is alleged that defendants were informed that plaintiff had a

five-year history of substantial, excruciating abdominal pains.[6] It can also be inferred that they were aware that plaintiff had previously suffered a gunshot wound to the abdomen. On the facts before the court, it must also be assumed that Cronin and Becker were aware that, despite this long history of abdominal pain, Dr. Sood had never performed more than an external and cursory examination of plaintiff's abdomen.

A lengthy history of extreme pain in the abdominal region accompanied by constipation is a condition that even a lay person with no medical training knows requires treatment. See Chavez v. Cady, 207 F.3d 901, 907 (7th Cir. 2001); Muniz Souffront v. Alvarado, 115 F. Supp. 2d 237, 243 (D.P.R. 2000). Cf. McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999); Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). Although plaintiff had been seeing a physician for this problem, he alleges that Cronin and Becker were aware that the treatment he received essentially was no treatment at all. Despite five years of pain, often excruciating, the doctor had never done more than a superficial examination of plaintiff's external abdomen. There is no

---

[6]There is no allegation that Cronin and Becker were aware of the vomiting and distension that occurred the day before plaintiff's operation, nor is there any allegation of a prior history of those symptoms. Cronin and Becker are only alleged to have been aware of the irregular bowel movements, gas, and extreme pain.

allegation that Cronin or Becker examined plaintiff's medical records or spoke to Dr. Sood about plaintiff's treatment and therefore had reason to believe that plaintiff was receiving adequate enough treatment so as to defer to the physician's opinion. Therefore, it must be assumed that Cronin and Becker made no such inquiry. Their decision not to provide a different physician (possibly a specialist) or to arrange for additional tests (possibly by requesting Dr. Sood to perform such tests or at least have him explain why he was not requesting such tests) was based entirely on the information provided by plaintiff. That information supported that plaintiff had essentially received no treatment despite having at least a five-year history of extreme pain and a prior history of a gunshot wound. A lay person (particularly a health administrator) would be aware that such a situation represented a substantial risk to plaintiff's health if the lack of treatment were to continue. Since plaintiff was essentially receiving no treatment, the facts he alleges are consistent with the allegation that Cronin and Becker acted with deliberate indifference. Plaintiff has adequately alleged that Cronin and Becker committed a constitutional violation by acting with deliberate indifference to his serious medical needs.

Cronin and Becker also contend that they are entitled to qualified immunity. It is rare that a complaint will be subject

to dismissal on qualified immunity grounds on a Rule 12(b)(6) motion. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

> Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." [Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000).] As noted in Jacobs' concurrence, "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal . . . and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint." Id. at 775 (Easterbrook, J., concurring).

Id. at 651-52.

Here, defendants have not offered additional evidence in support of their qualified immunity contention so there is no reason to convert their motion to one for summary judgment. A decision must be made on the facts alleged in the complaint. The facts alleged in the complaint are that plaintiff had a five-year history of extreme abdominal pain and received essentially no treatment for that condition. Cronin and Becker were informed of that situation and were in positions that allowed them to assign a different physician or at least make an inquiry with the treating physician, yet they chose to do nothing. Defendants do not question that, as of 1999, it was well established that plaintiff's medical condition constituted a serious medical need. The alleged facts support that failure to provide treatment

represented a substantial risk. It was also well established at that time that declining to provide treatment for such a need violated the Constitution. See <u>Farmer</u>, 511 U.S. at 826. Defendants are not entitled to qualified immunity.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the claim stated in the complaint [9] is denied. Defendants' claim that they are entitled to qualified immunity is denied without prejudice to being raised on summary judgment after discovery has been completed. By December 12, 2001, defendants Sherry Cronin and Monica Becker shall answer the complaint. All discovery is to be completed by March 15, 2002.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 28, 2001