Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3778 | **DATE** | 2/19/2004 |
| **CASE TITLE** | Carl Stokes vs. Dr. Kul Sood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, the Court hereby grants defendants' motions for summary judgment. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

- No notices required, advised in open court.
- No notices required.
- Notices mailed by judge's staff.
- Notified counsel by telephone.
- ✓ Docketing to mail notices.
- Mail AO 450 form.
- Copy to judge/magistrate judge.

courtroom deputy's initials: MW

date docketed: FEB 20 2004

Document Number: 70

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL STOKES, | ) |
|           Plaintiff, | ) |
| v. | ) No. 01 c 3778 |
| DR. KUL SOOD, et al., | ) |
|           Defendants. | ) |

**DOCKETED**
FEB 2 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Monica Becker's ("Becker") and Defendant Sherry Crone's ("Crone") motion for summary judgment. Defendant Dr. Kul Sood ("Sood") has also filed a motion for summary judgment. For the reasons stated below we grant both of the motions for summary judgment in their entirety.

## BACKGROUND

Plaintiff Carl Stokes ("Stokes") is a former inmate of the Joliet Correctional Center ("Joliet"). Stokes suffered a gunshot wound to the abdomen before his incarceration. In August of 1992 Stokes arrived at Joliet. At that time Sood was a staff physician for the inmate population of Joliet. During Stokes' incarceration he was treated by Sood and other staff physicians. Stokes was an avid weight lifter while at Joliet. In 1993 the surgical sutures in Stokes' abdomen began to fail and Stokes was diagnosed with an incisional hernia. In October



of 1994 Stokes had surgery to repair the hernia. Stokes continued to lift weights and in March of 1995 he was diagnosed with another hernia in the same location. Stokes was informed that further surgery would be elective surgery and Stokes indicated that he did not want surgery at that time. Two weeks later Stokes changed his mind and he again had surgery to repair the hernia. Stokes had several follow up visits after the second surgery and did not report any pain, discharge, or problems. On January of 1999 another of Stokes' sutures failed. No gastrointestinal complaints were raised by Stokes until twenty-five months later in February of 1998, when Stokes complained of vomiting and stomach cramps. Stokes was prescribed medication and did not raise another complaint until June of 1998 when Stokes complained about constipation. Stokes was prescribed a laxative and did not bring any further complaints about his abdominal area until October of 1999 when Stokes complained of vomiting, cramping, and diarrhea. Stokes was transferred to the prison infirmary and after examining Stokes and his x-rays the prison physician decided to conduct exploratory surgery to investigate an apparent bowel obstruction. The surgeons removed most of Stokes' small bowel, which at that time was gangrenous and non-viable. After a period of hospitalization, Stokes was returned to the prison infirmary for follow-up treatment care. Stokes has brought the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") claiming that Defendants improperly treated his abdominal ailments while he was incarcerated.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Stokes is represented by counsel (he is currently represented by an attorney that is the third attorney appointed by Judge Hart). Stokes has not filed any response to the instant motions

3

or to Defendants' Local Rule 56.1 statements of facts. We also note that his failure to respond to the instant motion comes after we allowed Stokes to reinstate his case after the action was dismissed for want of prosecution. On January 6, 2004 we granted Stokes motion to reinstate the case and on that date in court we set a deadline of February 6, 2004 for the filing of an answer to Defendants' motions for summary judgment. We gave Stokes a second chance at pursuing this action, but he has failed to take advantage of the opportunity and no answer brief to the instant motions has been filed by Stokes and no response to Defendants' Local Rule 56.1 statements have been filed. The briefs were due over a week ago. Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003). Therefore, all the facts presented in Defendants' statements of fact are deemed to be admitted.

We grant both of the summary judgment motions. Both of the statements of material facts provide a detailed explanation for the various steps of treatment that Stokes received. Defendants have provided a reasonable basis for each decision and have shown that they sufficiently monitored Stokes' health and made reasonable efforts to treat his abdominal injury. Stokes' medical records total approximately 650 pages. From 1992 to 1999 Sood evaluated Stokes twenty-seven times and other staff physicians evaluated Stokes twenty-two times. During his incarceration, Stokes was prescribed various medications for his hernia, including pain control medications, laxatives, antibiotics, and anti-inflammatory medications. Stokes' medical records reflect that he had contact with the Joliet medical staff on 210 occasions. Stokes contends that he should have been referred to a gastroenterologist specialist. However, Stokes has not provided evidence to show that the Defendants' decision not to refer Stokes was

erroneous and Stokes does not have a right to be referred to a specialist. An inmate is not entitled under the Constitution to demand a specific treatment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997)(stating that an inmate is only entitled to "reasonable measures" to protect against "a substantial risk of serious harm to h[im]," and that the inmate "is not entitled to the best care possible."). Based upon the evidence before the court, no reasonable jury could find that the treatment received by Stokes or the lack thereof could support a Section 1983 claim.

Stokes' claims against Becker and Crone are deficient for a variety of other reasons as well. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Defendants Crone and Becker argue that they cannot be held liable under Section 1983 because they were not personally involved in the alleged misconduct. The doctrine of *respondeat superior* is not applicable in a Section 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, in order to hold a defendant liable in his individual capacity the individual defendant must be "personally responsible for the deprivation of a constitutional right," which can be illustrated by the fact that the defendant "directed the conduct causing the constitutional violation," the violation "occurred with his knowledge or consent," or that the

defendant acted with "deliberate, reckless indifference to the conduct of subordinates." *Id.*

Pursuant to Local Rule 56.1 Stokes admits that during the relevant period of Stokes' incarceration Becker served as the Healthcare Unit Administrator ("HUA") at Joliet. (Crone SF 6). Stokes admits that the HUA did not provide direct care to inmates within the Illinois Department of Corrections ("IDOC"), and that the HUA's responsibilities were to ensure that the health care unit was orderly and the staffing was sufficient. (Crone SF 7, 9). Stokes admits that Becker is not a physician. (Crone SF 10). Stokes has not shown that Becker had any involvement in the alleged inadequate treatment of Stokes and therefore, the Section 1983 claim against Becker cannot withstand the summary judgment motion. Stokes admits that during the relevant period of Stokes' incarceration Crone served as the Health Services Coordinator for the IDOC. (Crone SF 11). Stokes admits that Crone's responsibilities included monitoring the IDOC health care system for quality control and that the only direct care of inmates that Crone participated in was when she gave mandatory tuberculosis tests. (Crone SF 13, 14). Stokes admits that Crone has no authority to change treatment plans or health care treatment options made by doctors with respect to inmate patients. (Crone SF 15). Stokes admits that all health care diagnosis and treatment decisions are made by physicians within the IDOC system such as Defendant Sood. (Crone SF 19). Therefore, the claim against Crone cannot survive the summary judgment motion. Crone and Becker also make a meritorious argument that the Section 1983 claims against them are barred because they have qualified immunity. Based upon the facts admitted by Stokes, Crone and Becker are protected by qualified immunity. *See McDonnell v. Cournia*, 990 F.2d 963, 968 (7th Cir. 1993)(stating that government officials are protected by qualified immunity when they perform discretionary functions as long as they do not

6

violate "clearly established statutory or constitutional rights of which a reasonable person would have known.")(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

## CONCLUSION

Based on the foregoing analysis we grant both of Defendants' motions for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 19, 2004